UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC.,<br><br>   Plaintiff(s),<br><br>v.<br><br>BUA GROUP, LLC,<br><br>   Defendant(s). | Case No. 2:24-cv-01130-JCM-NJK[1]<br><br>**Scheduling Order**<br><br>[Docket No. 26] |

Pending before the Court is the parties' joint discovery plan. Docket No. 26.

The presumptively reasonable discovery plan is 180 days measured from the date of the Defendant's answer or first appearance. Local Rule 26-1(b)(1). The parties in this case seek a discovery period that is 210 days from their untimely Rule 26(f) conference.[2] *See* Docket No. 26 at 2. When properly calculated from the filing of the motion to dismiss, the discovery plan is seeking an extraordinary 291 days for the discovery period.[3] The only justification for requesting this elongated discovery period is that it "is related to Defendant's filing of [its] Motion to Dismiss (ECF No. 6), Plaintiff's Amended Complaint (ECF No. 9), and reconciling deadlines with winter holidays." Docket No. 26 at 2. No elaboration is stated and these reasons are plainly insufficient. No explanation is provided as to how or why a motion to dismiss or an amended complaint enables the parties to delay their discovery efforts as they have done in this case. *Cf. Tradebay, LLC v.*

---

[1] The undersigned was assigned to this case on September 16, 2024, so the parties must update the case number in their captions in accordance with Docket No. 24.

[2] The Rule 26(f) conference must take place within 30 days of the Defendant's answer or first appearance. Local Rule 26-1(a). The parties held their Rule 26(f) conference in this case on September 16, 2024, Docket No. 26 at 1, even though Defendant's motion to dismiss was filed on June 27, 2024, Docket No. 6. The discovery plan is also untimely, as a result. *See* Local Rule 26-1(a). The parties have been so derelict that the default deadline to amend the pleadings or add parties has already expired. *See* Local Rule 26-1(b)(2).

[3] In violation of the local rules, the discovery plan does not state the number of days measured from the motion to dismiss. *See* Local Rule 26-1(b)(1).

1

*eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). As to the winter holidays, no explanation is provided as to how that circumstance could possibly account for extending the presumptively reasonable discovery period by 111 days. In short, the parties have not justified the lengthy discovery period they seek and, by violating the local rules, the parites have impeded the ability to set deadlines as would be warranted pursuant to the default schedule.

Because a sufficient showing has not been made for an extended discovery period, the Court will not grant the schedule sought in the discovery plan. As a one-time courtesy and in an effort to have the case decided on its merits, however, the Court will adjust somewhat the default deadlines. In an effort to ensure that these deadlines are met, the Court also orders that the deadline to respond to written discovery is shortened to 21 days. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(A) (the Court may shorten discovery response deadlines). Moreover, the Court reminds the parties that they should frontload their discovery efforts to the extent possible, so as to avoid later difficulties in meeting the case management deadlines. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 363 (D. Nev. 2019) ("Discovery is meant to be a balanced and, hopefully, front-loaded process, not one involving deadline brinksmanship").

With these caveats, the joint discovery plan is **GRANTED** in part and **DENIED** in part. Case management deadlines are hereby **SET** as follows:

- Initial disclosures:  September 30, 2024
- Amend pleadings/ add parties:  October 25, 2024[4]
- Initial experts:  November 25, 2024
- Rebuttal experts:  December 23, 2024
- Discovery cutoff:  January 22, 2025
- Dispositive motions:  February 21, 2025

---

[4] Because the parties violated the local rules with respect to filing a joint discovery plan in a timely manner, *see, e.g.*, Local Rule 26-1(a), the default deadline to amend the pleadings or add parties has already expired, *see* Local Rule 26-1(b)(3).

- Joint proposed pretrial order:  March 24, 2025

The Court is not inclined to extend these case management deadlines, so counsel must take all reasonable steps to ensure that they are met.

IT IS SO ORDERED.

Dated: September 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge