# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC., <br>     Plaintiff(s), <br> v. <br> BUA GROUP, LLC, <br>     Defendant(s). | Case No. 2:24-cv-01130-JCM-NJK <br> **Order** <br> [Docket No. 65] |

Pending before the Court is Plaintiffs' motion to seal. Docket No. 65. No response was filed.

There is a strong presumption of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Parties seeking to keep secret from the public documents filed in relation to non-dispositive motions must make a "particularized showing" of "good cause." *Id.* at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "Such a burden is met by the presentation of evidence, such as a declaration from someone with personal knowledge, rather than by the argument of counsel in motion practice." *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The Ninth Circuit has made clear that secrecy of judicial filings may be appropriate when the records could become a vehicle for improper purposes, such as the use of the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. On the other hand, "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The fact that a sealing request

1

1  may be unopposed does not automatically result in it being granted because the Court is tasked
2  with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL
3  2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be
4  designated as confidential pursuant to a stipulated protective order (or, as here, pursuant to an
5  informal agreement pending finalization of a stipulated protective order) does not justify secrecy
6  for a document filed with the Court. *See Foltz*, 331 F.3d at 1133; *see also Beckman Indus., Inc. v.*
7  *Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

8  Any request to seal must also be "narrowly tailored" to remove from the public sphere only
9  material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D.
10 Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent
11 any confidential information can be easily redacted while leaving meaningful information
12 available to the public, the Court must order that redacted versions be filed rather than sealing
13 entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of*
14 *Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

15 The instant motion fails on several levels. First, it is predicated on the allegedly sensitive
16 nature of certain financial information, but there is no declaration or other evidence from someone
17 with personal knowledge as to that sensitivity or the harm that would result from public disclosure.
18 Second, the motion is largely predicated on case law concerning tax returns, which are admittedly
19 not at issue here. *See* Docket No. 65 at 5. Third, the request for sealing rather than redaction is
20 supported by the single, unelaborated assertion that "merely redacting these documents would not
21 sufficiently protect the privacy interests." Docket No. 65 at 2. Even a cursory review of the subject
22 exhibits reveals that this contention is baseless.

23 //
24 //
25 //
26 //
27 //
28 //

2

Accordingly, the Court **DEFERS** ruling on the motion to seal. The Clerk's Office is **INSTRUCTED** to continuing maintaining the subject exhibits under seal at this juncture. Plaintiffs must file a supplement by February 14, 2025. That supplement must include an evidentiary showing (presumably a declaration from someone with personal knowledge), must provide argument specific to the information at issue, and must propose redactions.

IT IS SO ORDERED.

Dated: January 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge