**SAO**
Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
Emily A. Buchwald, Esq., Bar No. 13442
EAB@pisanellibice.com
Daniel R. Brady, Esq., Bar No. 15508
DRB@pisanellibice.com
 PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:  702.214.2100
Facsimile:   702.214.2101

*Counsel for Defendant Bua Group, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC., a Nevada domestic corporation doing business as LOTUS OF SIAM; SAIPIN CHUTIMA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BUA GROUP, LLC, a Delaware limited liability company;<br><br>Defendant. | CASE NO. 2:24-cv-1130-JCM-NJK<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND DISPOSITIVE DEADLINES**<br><br>**[SECOND REQUEST]** |

Defendant Bua Group, LLC ("Bua Group") and Plaintiffs TChutima, Inc. ("TChutima,") and Saipan Chutima ("Saipan") ("Plaintiffs" or together with Bua Group, the "Parties"), through counsel, stipulate and agree to a limited extension of discovery deadlines and the dispositive motion deadline by 45 days so as to complete previously noticed discovery pending this Court's ruling on pending discovery motions as:

**I.   PROCEDURAL SUMMARY.**

Plaintiffs filed this action on June 18, 2024. ECF No. 1. Bua Group moved to dismiss on June 27, 2024. ECF No. 6. TChutima filed an Amended Complaint on July 10, 2024 (ECF No. 9), mooting Bua Group's initial Motion to Dismiss.

Plaintiffs filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction on July 12, 2024. ECF No. 13. Bua Group refiled its Motion to Dismiss on July 24, 2024.

1

ECF No. 15. Bua Group's Motion to Dismiss is fully briefed and remains pending before the Court.

On October 2, 2024, the Court held a hearing on Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunction. The Court granted Plaintiffs' request in part and denied it in part, and it issued a written order on October 2, 2024. ECF No. 29. Bua Group filed an appeal which is currently pending before the Ninth Circuit. ECF No. 33.

On November 22, 2024, Plaintiffs filed an Emergency Motion to Enforce the Preliminary Injunction, Request for Sanctions, and Renewed Request for Relief Under 15 U.S.C. § 1116(a) (ECF No. 39), which Bua Group opposed. Bua Group also filed a countermotion to dissolve the injunction on January 23, 2025 (ECF No. 96).

## II. DISCOVERY COMPLETE TO DATE.

The Parties' counsel participated in a Rule 26(f) conference on September 16, 2024. The conference was conducted by Zoom and attended by Frank M. Flansburg III, Emily A. Ellis, and Jamie Leavitt on behalf of TChutima; and Alayne M. Opie and Jerrell L. Berrios on behalf of Bua Group. Rory T. Kay and John A. Fortin also attended.

The Parties submitted a Proposed Scheduling Order on September 25, 2024. ECF No. 26. The Court granted in part and denied in part the Proposed Scheduling Order. ECF No. 27. Since entry o the Scheduling Order, the Parties have engaged in the following discovery:

1. The Parties' initial disclosures (September 30, 2024).
2. Bua Group's First Set of Requests for Production of Documents (November 8, 2024).
3. Bua Group's First Set of Interrogatories (November 8, 2024).
4. Plaintiffs' 7-day notice of subpoena duces tecum to Parlay Projects LLC, and Ironbound Projects, LLC (November 15, 2024).
5. Plaintiffs' 7-day notice of subpoena duces tecum to Boston Holdings LLC, Money Matters Production LLC, Luxe Hospitality, Bua Redrock, Bento Box CMS Inc., and Mohari Hospitality (November 19, 2024).
6. Plaintiffs' First Set of Requests for Production of Documents (November 19, 2024).
7. Plaintiffs' First Set of Requests for Admissions (November 19, 2024).
8. Plaintiffs' First Set of Interrogatories (November 19, 2024).

2

9. Bua Group's First Supplemental Disclosures (November 21, 2024).

10. Bua Group notice of subpoena duces tecum to Pennapa "Penny" Chutima (December 2, 2024).

11. Bua Group's Second Supplemental Disclosures (December 9, 2024).

12. Plaintiffs First Supplemental Disclosure (December 9, 2024).

13. The Parties' initial expert disclosures (December 9, 2024).

14. Plaintiffs' Responses to First Set of Requests for Production of Documents (December 10, 2024).

15. Plaintiffs' Responses to First Set of Interrogatories to Interrogatories (December 10, 2024).

16. Bua Group's Responses to First Set of Requests for Admission (December 10, 2024).

17. Bua Group's Responses to First Set of Interrogatories (December 10, 2024).

18. Bua Group's Responses to First Set of Requests for Production of Documents (December 10, 2024).

19. Bua Group's Third Supplemental Disclosures (December 10, 2024).

20. Plaintiffs' Second Supplemental Disclosures (December 11, 2024).

21. Plaintiffs' Third Supplemental Disclosures (December 15, 2024).

22. Bua Group's Fourth Supplemental Disclosures (December 16, 2024).

23. Bua Group's Supplemental Responses to First Set of Requests for Production of Documents (December 16, 2024).

24. Bua Group's subpoenas duces tecum to Plaintiffs' initial experts, Grant Benson and Jim Harrington (December 17, 2024).

25. Plaintiffs' First Supplemental Responses to Defendant Bua Group, LLC's First Set of Requests for Production of Documents (December 18, 2024).

26. Bua Group's First Set of Requests for Admissions (December 18, 2024).

27. Bua Group's Fifth Supplemental Disclosures (December 19, 2024).

28. Bua Group's Sixth Supplemental Disclosures (December 23, 2024).

29. Bua Group's Seventh Supplemental Disclosures (December 30, 2024).

30. Plaintiffs' Fourth Supplemental Disclosure (January 2, 2025).

31. Bua Group's Eighth Supplemental Disclosures (January 8, 2025).

32. Plaintiffs' Responses to First Set of Requests for Admission (January 8, 2025).

33. Plaintiffs' subpoenas duces tecum of Bua Group's experts Ken Arnone and Rochelle Spandorf (January 8, 2025).

34. Plaintiffs' Fifth Supplemental Disclosures (January 9, 2025).

35. Bua Group's Second Set of Requests for Production of Documents (January 9, 2025).

36. Plaintiffs' Sixth Supplemental Disclosures (January 10, 2025).

37. Bua Group's notice of subpoena duces tecum of LotusChutima, LLC (January 10, 2025).

38. Bua Group's deposition of Supunika "Sabrina" Chutima (January 13, 2025).

39. Plaintiffs' Second Set of Request for Production of Documents (January 14, 2025).

40. Bua Group's notice of subpoenas duces tecum to Jacqueline Sripiramong, Justin Woo, Kenneth Okada, Private Wealth Law, Inc., Sabrina Chutima, and Suchay Chutima (January 14, 2025).

41. Bua Group's Ninth Supplemental Disclosure (January 15, 2025).

42. Bua Group's notice of deposition of TChutima, Inc.'s FRCP 30(b)(6) designee (January 16, 2025).

43. Plaintiffs' deposition of Louis Abin (suspended) (January 17, 2025).

44. Bua Group's experts responded to Plaintiffs' subpoenas duces tecum (January 17, 2025).

45. Bua Group's notice of subpoenas duces tecum of Plaintiffs' rebuttal experts (January 17, 2025).

46. Bua Group's Tenth Supplemental Disclosure (January 21, 2025).

47. Plaintiffs' Seventh Supplemental Disclosure (January 21, 2025).

48. Bua Group's deposition of Suchay Chutima (suspended) (January 21, 2025).

49. Plaintiffs' notice of deposition of Bua Group, LLC FRCP 30(b)(6) designee (January 21, 2025).

50.     Bua Group's notice of subpoenas duces tecum of Lewis Brisbois, NP Red Rock, LLC, and Red Rock Resort, Inc. (January 21, 2025).

51.     Bua Group's deposition of Penny Chutima (witness did not appear) (January 22, 2025).

52.     Bua Group's deposition of Plaintiff Saipan Chutima (suspended) (January 23, 2025).

53.     Plaintiffs' Eighth Supplemental Disclosure (January 28, 2025).

54.     Bua Group's Eleventh Supplemental Disclosure (January 28, 2025) .

55.     Plaintiffs' Second Supplemental Responses to First Set of Requests for Production of Documents (January 29, 2025).

56.      Plaintiffs' deposition of Gonzalo Garzo (January 30, 2025).

57.     Plaintiffs' Response to Second Set of Requests for Production of Documents (January 30, 2025).

### III.     PREVIOUSLY NOTICED DISCOVERY REMAINING TO BE COMPLETED.

1.      Plaintiffs' Responses to Bua Group's subpoenas duces tecum to rebuttal experts.

2.      Bua Group's deposition of Plaintiffs' expert Jim Harrington.

3.      Bua Group's Response to Second Set of Requests for Production of Documents.

4.      Bua Group's deposition of Plaintiffs' expert Rick Moonen.

5.      Bua Group's deposition of Plaintiffs' expert David Schein.

6.      Bua Group's deposition of Plaintiffs' expert Grant Benson.

7.      Plaintiffs' deposition of Bua Group's expert Ken Arnone.

8.      Plaintiffs' deposition of Bua Group's expert Rochelle Spandorf.

9.      Bua Group's deposition of Plaintiffs' FRCP 30(b)(6) designee.

10.     Plaintiffs' deposition of Bua Group's FRCP 30(b)(6) designee.

11.     Plaintiffs' continued deposition of Louis Abin (disputed).

12.     Bua Group's continued deposition of Suchay Chutima (disputed).

13.     Bua Group's deposition of Pennapa "Penny" Chutima (disputed).

14.     Bua Group's continued deposition of Saipin Chutima.

15. The Parties' supplemental productions of documents and responses to requests for production of documents, as necessary.

16. The Parties' supplemental responses to prior written discovery, to the extent applicable.

17. The Parties' supplemental privilege logs as necessary.

18. Parties' compliance with deadlines and extensions to respond to previously served subpoenas duces tecum, as well as continue to meet and confer regarding any prior objections and responses to previously served subpoenas duces tecum.

19. Parties' continued meet and confers on several topics, on which each party reserves all rights.

20. Any additional discovery following the resolution of pending motions:
    a. Motion to Enforce Preliminary Injunction (ECF No. 39).
    b. Motion to Compel Non-Party Pennapa Chutima's Compliance with Rule 45 Subpoena and for Sanctions (ECF No. 49).
    c. Motion for Leave to Supplement Motion to Enforce (ECF No. 69).
    d. Motion to Intervene (ECF No. 72).
    e. Countermotion to Quash Subpoena, Issue Protective Order, and for Sanctions (EC No. 76).
    f. Renewed Motion for Sanctions Against Plaintiffs for Refusal to Answer Interrogatories or Requests for Production of Documents and to Deem Objections and Privileges Waived (ECF No. 86).
    g. Countermotion to Dissolve Order (ECF No. 96).
    h. Motion for Sanctions for Pennapa Chutima's Failure to Appear at Deposition (ECF No. 100).

**IV. REASONS WHY DISCOVERY CANNOT BE COMPLETED WITHIN THE DISCOVERY PERIOD.**

The Parties stipulate that a 45-day extension is necessary and good cause exists to extend the deadlines. The good cause inquiry focuses primarily on the parties' diligence. *See Coleman v.*

1  *Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery
2  cutoff exists "if it cannot reasonably be met despite the diligence of the party seeking the extension."
3  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

4      Here, good cause exists to extend the discovery deadlines for several reasons. First, several
5  depositions have been suspended and continued. As a result of disputed productions, the parties
6  have suspended two depositions: Louis Abin and Suchay Chutima. If the parties are unable to
7  resolve the suspended depositions following a meet and confer, the suspended depositions may lead
8  to motion practice. The deposition of Saipin Chutima was suspended and continued based upon
9  the time of and technical issues related to the use of a remote interpreter to translate from Northern
10 Thai to English. Scheduling the continued deposition of Sapin Chutima within the discovery period
11 is also not possible as a result of long-planned international travel for both Bua Group's counsel
12 and Saipin Chutima. The deposition of Pennapa "Penny" Chutima remains disputed and subject of
13 pending motion practice. And the parties are working with one another to mutually resolve
14 objections to the FRCP 30(b)(6) notices and to schedule the depositions of their respective FRCP
15 30(b)(6) designees and the deposition of experts some of whom have limited availability even for
16 remote depositions.

17     Second, the parties' ongoing discovery efforts will likely be influenced by the result of
18 pending motions, including the Motion to Compel Non-Party Pennapa Chutima's Compliance with
19 Rule 45 Subpoena and for Sanctions (ECF No. 49), the Countermotion to Quash Subpoena, Issue
20 Protective Order, and for Sanctions (EC No. 76), the Renewed Motion for Sanctions Against
21 Plaintiffs for Refusal to Answer Interrogatories or Requests for Production of Documents and to
22 Deem Objections and Privileges Waived (ECF No. 86), and the Motion for Sanctions for Pennapa
23 Chutima's Failure to Appear at Deposition (ECF No. 100). Plaintiffs further suggest that the
24 disposition of the Motion to Intervene (ECF No. 72) could also impact the remaining discovery.

25     Third, the parties ongoing discovery efforts will also likely be influenced by ongoing meet
26 and confer discussions related to privilege designations, supplemental production of documents,
27 the scope of the FRCP 30(b)(6) designations, an expected stipulated protective order, and third
28 party responses to subpoenas.

Overall, good cause exists to extend the discovery period as outlined in this stipulation.

## V. PROPOSED SCHEDULE

The Parties request an extension of the remaining deadlines by 45 days as follows to allow them to complete the previously noticed discovery:

| DEADLINE | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Discovery cut-off | February 5, 2025 | March 24, 2025 |
| Deadline to file dispositive motions | March 7, 2025 | April 21, 2025 |
| Deadline to file joint pre-trial order (if no dispositive motions are pending before the Court). In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or further court order. | April 7, 2025 | May 22, 2025 |

This is the second request for an extension of time. This stipulation is made in good faith and not for any improper purpose.

DATED this 30th day of January 2025.

Respectfully submitted by:

PISANELLI BICE PLLC

By: __/s/ Todd L. Bice__
Todd L. Bice, Esq., #4534
Emily A. Buchwald, Esq., #13442
Daniel R. Brady, Esq., #15508
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Counsel for Defendant Bua Group, LLC*

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: __/s/ Frank M. Flansburg III__
Frank M. Flansburg III, Esq., #6974
Emily A. Ellis, Esq., #11956
Jamie Leavitt, Esq., #16268
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

*Counsel for Plaintiffs TChutima, Inc. and Saipin Chutima*

## ORDER

The above stipulation having been considered and good cause appearing therefor,

IT IS SO ORDERED.

Dated:  January 31, 2025

_____
Nancy J. Koppe
United States Magistrate Judge