# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC., <br>     Plaintiff(s), <br> v. <br> BUA GROUP, LLC, <br>     Defendant(s). | Case No. 2:24-cv-01130-JCM-NJK <br><br> **Order** <br><br> [Docket No. 129] |

Pending before the Court is nonparty Private Wealth Law's motion to quash a subpoena. Docket No. 129. Defendant filed a response in opposition. Docket No. 158. Private Wealth Law filed a reply. Docket No. 161. The Court will not hold a hearing on the motion. *See* Local Rule 78-1.

Counsel for these parties recognized the requirement to confer on the discovery issues raised in the motion, *see* Local Rule 26-6(c); *see also* Docket No. 161 at 4, but they did not actually have any such discussions. Instead, Private Wealth Law filed the instant motion based on its counsel's judgment that efforts to confer would be futile given the false starts in those discussions.[1] The motion then bemoans the lack of a meet-and-confer, *e.g.*, Docket No. 129 at 11, and counsel on both sides repeatedly divert the motion papers to act as a vehicle to attack one another.[2] It is time for all attorneys to understand that this type of behavior is not acceptable. *E.g.*, *PlayUp, Inc.*

---

[1] Counsel presents this decision as permissible under the rules and case law. Docket No. 161 at 4. To be perfectly clear, the Court does not view the law as providing attorneys the ability to bypass the required conferral process by throwing up their hands in frustration rather than engaging in actual discussion. *See, e.g.*, *Winkler v. Wells Fargo Bank, N.A.*, 2025 U.S. Dist. Lexis 44667, at *5-7 (D. Nev. Mar. 11, 2025) ("Any attorney familiar with the conferral requirements should know that this is absolutely not the good faith meet-and-confer that is required").

[2] It is beyond ironic that the reply brief violates the applicable page limits, *see* Local Rule 7-3(b), while including completely superfluous attacks, *e.g.*, Docket No. 161 at 7 (referencing Defendant's "reprehensible conduct" and "distortion of the facts").

1

*v. Mintas*, 2022 WL 17742426, at *1 (D. Nev. Dec. 8, 2022) (discussing the 2015 amendments to the Federal Rules of Civil Procedure and Chief Justice Roberts' year-end report).

Because a meet-and-confer was not held, the pending motion is **DENIED** without prejudice. Counsel are ordered to confer <u>in-person</u> regarding their dispute. Counsel must discuss their dispute in detail in accordance with *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). Counsel must be civil and cooperative during this process. If counsel cannot resolve this dispute during that conferral process, any renewed motion to quash must be filed by April 29, 2025. The Court will not look favorably on unnecessary personal attacks being included in future motion practice.

IT IS SO ORDERED.

Dated: April 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge