UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC., <br>      Plaintiff(s), <br>v. <br>BUA GROUP, LLC, <br>      Defendant(s). | Case No. 2:24-cv-01130-JCM-NJK <br>**Order** <br>[Docket Nos. 49, 76, 77] |

Pending before the Court is Defendant's motion to compel. Docket No. 49. Intervenor Penny Chutima filed a response. Docket No. 74; *see also* Docket No. 75 (sealed).[1] Defendant filed a reply. Docket No. 91; *see also* Docket No. 90 (sealed). Also pending before the Court is Penny Chutima's countermotion to quash, for protective order, and for sanctions. Docket No. 76; *see also* Docket No. 77 (sealed). Defendant filed a response. Docket No. 107; *see also* Docket No. 106 (sealed). Penny Chutima filed a reply. Docket No. 126. The Court will not hold a hearing on the motions. *See* Local Rule 78-1.

**I.      FAILURE TO MEET-AND-CONFER**

The pending motions are defective for a number of reasons, starting with the refusal to confer. Counsel for these parties recognized the requirement to confer on the discovery issues raised in the motions, *see* Local Rule 26-6(c); *see also* Docket No. 49 at 7, but they did not actually have any such discussions. Instead, counsel exchanged fiery emails with threats and accusations regarding even holding a meet-and-confer, and an actual conferral never took place. *See, e.g.*,

---

[1] Penny Chutima was a nonparty at the time of the briefing, but she has since been permitted to intervene. Docket No. 160.

1

Docket No. 49-4.[2]  It is time for all attorneys to understand that this type of behavior is not acceptable.  *E.g.*, *PlayUp, Inc. v. Mintas*, 2022 WL 17742426, at *1 (D. Nev. Dec. 8, 2022) (discussing the 2015 amendments to the Federal Rules of Civil Procedure and Chief Justice Roberts' year-end report).  The Court declines to address these motions without a proper meet and confer.[3,4]

**II.   SCOPE OF DISPUTE**

In addition to failing to confer as required by the law, the briefing on these discovery motions also appears to veer into merits-type issues.  Most significantly, the briefing focuses at length on contentions regarding appropriate actions for a deadlocked LLC (or even whether there is a deadlocked LLC).  United States District Judge James C. Mahan has recently noted that such issues are pending before the state court in separate litigation and he explained that he did not intend to insert himself into that dispute.  *See* Docket No. 160 at 2 & n.1.  Judge Mahan further informed Penny Chutima of the need to file a proper motion to substitute parties, *see id.* at 10-11, which has not been filed to date.

For many reasons, discovery motions are not appropriate vehicles to seek resolution of merits-type issues.  *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 511-12 (D. Nev. 2020); *see also, e.g.*, *PlayUp, Inc. v. Mintas*, 2022 WL 4112243, at *2 n.3 (D. Nev. June 30, 2022).

---

[2] Particularly given recent events, including the shooting death of an attorney during a deposition, every attorney in this community should be on high alert to check any overly aggressive instincts.  <u>There is absolutely no place in conferral emails for attorneys to make offhanded reference to violence</u>.  *But see* Docket No. 49-4 at 6.

[3] Part of the dispute as to even conferring revolves around the LLC issue discussed below.  *See* Docket No. 49-4 at 3.  As that very discussion makes clear, however, there would appear to be a potential remedy in the future to address that issue.  *See id.* (threatening to seek repayment or disgorgement in the future).  Given that there appears to be a mechanism to address any harm in the future, the Court fails to discern why the LLC issue prevents counsel from even talking to one another in a proper meet and confer.

[4] The Court is mindful that the rules require the parties to "attempt[]" to confer and that one side should not be permitted to avoid motion practice by stifling the conferral process.  *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301-02 (D. Nev. 2019).  In the circumstances of this case, the Court finds the best approach is for counsel (who work at two of the most respected law firms in town) to live up to their professional responsibilities so that they can confer with each other in good faith.

It is not clear to the Court that it is proper to resolve this LLC management dispute in the context of discovery motion practice.[5]

### III. EXCESSIVE BRIEFING

The instant motion practice consists of five sets of briefs, stemming from the filing of a countermotion to quash the subpoena at issue in the motion. Denying a motion to compel may result in the *sua sponte* issuance of a protective order. Fed. R. Civ. P. 37(a)(5)(B). As a result, there is generally no need for a countermotion seeking to avoid discovery.[6] Moreover, briefing a dispute is presumptively limited to three sets of briefs. *See* Local Rule 7-2(a), (b); *see also* Local Rule 7-2(g) ("Supplementation is prohibited without leave of court"). It is not clear to the Court why the instant dispute should be subject to five sets of briefs.

### IV. CONCLUSION

In light of the above, the motion to compel (Docket No. 49) and countermotion (Docket Nos. 76, 77) are **DENIED** without prejudice. Counsel must confer <u>in-person</u> regarding all discovery disputes moving forward. Counsel must discuss all discovery disputes in detail in accordance with *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). Counsel must be civil and cooperative during this process.

IT IS SO ORDERED.

Dated: April 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] The reply to the countermotion identifies a recent decision from state court and argues for issue preclusion. Docket No. 126 at 7; *see also* Docket No. 122-1. The Court declines to address this state court order that was raised in reply. *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021).

[6] In the event a countermotion is addressing different issues, then it is not really a countermotion and should not be filed as such.

3