UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC.,<br>　　　Plaintiff(s),<br>v.<br>BUA GROUP, LLC,<br>　　　Defendant(s). | Case No. 2:24-cv-01130-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 85, 86] |

Pending before the Court is Defendant's motion for sanctions. Docket No. 86; *see also* Docket No. 85 (sealed). Plaintiff filed a response. Docket No. 111; *see also* Docket No. 110 (sealed). Defendant filed a reply. Docket No. 131; *see also* Docket No. 130 (sealed). The Court will not hold a hearing on the motion. *See* Local Rule 78-1.

Defendant seeks sanctions on two grounds. First, Defendant seeks sanctions on the basis that Plaintiff failed to provide written discovery responses within 21 days as ordered by the Court for all discovery and, instead, provided written discovery responses pursuant to the default 30-day deadline. *See, e.g.*, Docket No. 86 at 4.[1] The relief sought by Defendant is to deem objections and privileges waived. *See* Docket No. 86 at 15. Plaintiff represents that the responses were late as a result of a calendaring error. *See* Docket No. 48-1 at ¶¶ 6-7. In the Court's experience, this type of short delay is generally worked out by counsel as a matter of professional courtesy. Moreover, while the Court certainly expects compliance with its orders and all deadlines, imposition of the sanctions sought does not appear warranted in the circumstances of this case. *Cf. Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (affirming district court finding of excusable

---

[1] The motion represents that the deadline for the discovery responses was Friday, November 29, 2024, which is the day after Thanksgiving. Docket No. 86 at 4. The discovery responses were actually served on Monday, December 9, 2024. *See* Docket No. 87-4 at ¶ 7.

1

neglect for failing to meet deadline due to calendaring error).  The Court will instead admonish counsel to ensure future compliance with all deadlines.[2]

Second, Defendant seeks "sanctions" based on the contention that the discovery responses that were provided were inaccurate.  Docket No. 86 at 14-15 (relying on Fed. R. Civ. P. 26(g)(1)).  This argument is not well-developed.  As a threshold matter, the Court is unclear what "sanctions" it is that Defendant seeks on this basis.  The motion generally seeks sanctions in the form of waiver of objections and privileges, Docket No. 86 at 15, and it includes legal authority regarding such waiver based on the timeliness issue discussed above, *see, e.g.*, *id.* at 12.  On the other hand, the motion does not identify any legal authority or provide any meaningful argument that waiver of objections and privileges is an appropriate remedy pursuant to Rule 26(g)(1).  This shortcoming is particularly problematic given that the prior attempt at filing this motion was denied as insufficiently developed.  *See* Docket No. 67.  To the extent Defendant is seeking some sort of other "sanction," the motion does not enumerate what that would be.  *But see Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 & n.14 (1980) (sanctions should be imposed only with fair notice and an opportunity to be heard).  As such, the Court declines to address this aspect of the motion.

Accordingly, Defendant's motion for sanctions is **DENIED**.

IT IS SO ORDERED.

Dated: April 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Defendant's motion includes one paragraph asserting that waiver is warranted based on a failure to provide a privilege log.  Docket No. 86 at 13-14.  A privilege log has since been provided.  *See* Docket No. 113 at 7-8.  While Defendant argues in reply that the log is deficient, Docket No. 130 at 6-8, the Court finds any such deficiency better addressed to conferral efforts.  At bottom, there is no per se waiver rule on privilege logs and such determination is addressed to a more fulsome analysis than what is properly before the Court.  *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 2019 WL 13157472, at *2 (D. Nev. Dec. 20, 2019) (addressing "holistic reasonableness analysis" established in Ninth Circuit precedent).