UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC., <br>   Plaintiff(s), <br> v. <br> BUA GROUP, LLC, <br>   Defendant(s). | Case No. 2:24-cv-01130-JCM-NJK <br><br> **Order** <br><br> [Docket Nos. 100, 101, 140] |

 Pending before the Court is Defendant's motion for sanctions. Docket No. 101; *see also* Docket No. 100 (sealed). Intervenor Penny Chutima filed a response. Docket No. 139.[1] Plaintiffs filed a response. Docket No. 142. Defendant filed a reply. Docket No. 156; *see also* Docket No. 155 (sealed). Also pending before the Court is Penny Chutima's countermotion for protective order and for sanctions. Docket No. 140. Defendant filed a response. Docket No. 159. Penny Chutima filed a reply. Docket No. 163. The Court will not hold a hearing on the motions. *See* Local Rule 78-1.

 The parties are running in circles. Defendant purportedly seeks sanctions[2] because Penny Chutima did not appear for her deposition. Penny Chutima argues that she had a pending motion

---

[1] Penny Chutima was a nonparty at the time of the briefing, but she has since been permitted to intervene. Docket No. 160.

[2] Although the motion is framed as seeking "sanctions," its primary thrust is that Penny should be compelled to sit for deposition and it relies on case law addressing motions to compel. *See, e.g.*, Docket No. 101 at 9. The motion also seeks an award of fees, but such relief presumably could also be sought in a motion to compel. *See* Fed. R. Civ. P. 37(a)(5). In short, it is not entirely clear if the motion is properly framed as seeking "sanctions" as opposed to seeking to "compel" the deposition. This distinction matters, particularly since Defendant filed the instant motion without engaging in the required meet and confer that applies to motions to compel. *See* Docket No. 101 at 7-8 n.5.

for protective order asserting that discovery efforts are void because they are being directed without authority in light of a deadlocked LLC issue being adjudicated in state court.

The issues are not properly teed up in this motion practice, for reasons also identified elsewhere. First, discovery motion practice is not a proper vehicle for resolution of merits-type issues. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 511-12 (D. Nev. 2020); *see also, e.g.*, *PlayUp, Inc. v. Mintas*, 2022 WL 4112243, at *2 n.3 (D. Nev. June 30, 2022). Second, United States District Judge James C. Mahan recently noted that the LLC authority issues are pending before the state court in separate litigation and he explained that he did not intend to insert himself into that dispute. *See* Docket No. 160 at 2 & n.1. Judge Mahan further informed Penny Chutima of the need to file a proper motion to substitute parties, *see id.* at 10-11, which has not been filed to date.[3] Third, if Penny Chutima believes discovery should be halted while the LLC authority issue is resolved, then she needs to file a proper, fulsome motion addressing that specific issue.

At this juncture, this motion for sanctions (Docket Nos. 100, 101) and countermotion for protective order (Docket No. 140) are **DENIED** without prejudice.[4] If Penny Chutima or Plaintiffs intend to seek relief as to their contentions on LLC authority (*e.g.*, party substitution or

---

[3] Penny Chutima's response also alludes to the possibility of a motion to disqualify counsel, *see* Docket No. 139 at 11 n.6, but such motion has not been filed in this case.

[4] Some clarification is in order as to the request for sanctions for failing to appear at a deposition. Defendant is correct that the mere filing of a motion for protective order does not give a litigant a free pass to skip out on their deposition. *See* Docket No. 101 at 9 (discussing, *inter alia*, *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Ass'n*, 316 F.R.D. 327, 336 (D. Nev. 2016)). That does not mean that the imposition of sanctions is a foregone conclusion, however, regardless of the objections to the deposition. *See* Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)"); *see also Flamingo Trails*, 316 F.R.D. at 337 (after rejecting arguments to avoid deposition, finding the filing of an unmeritorious motion for protective order did not shield the movant from sanctions for non-appearance). The parties do not address Rule 37(d)(2) in their briefing and whether resolution of the dispute in the underlying motion for protective order is necessary to decide what (if any) sanctions should result from the deposition non-appearance.

2

disqualification of counsel), they must file such motion(s) by April 22, 2025.[5]  If Penny Chutima or Plaintiffs contend that pertinent discovery should be stayed pending resolution of these types of issues, their counsel must engage in a rule-compliant meet and confer and must file a proper, fulsome motion seeking that relief by April 29, 2025.

IT IS SO ORDERED.

Dated: April 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] "The district court has considerable latitude in managing the parties' motion practice." *Christian v. Mattel, Inc.*, 286 F. 3d 1118, 1129 (9th Cir. 2002).  Particularly given the lengthy and messy docket, the Court will not permit the incorporation by reference in any future motion practice to be decided by the undersigned magistrate judge.  *See, e.g., Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1129 n.8 (D. Nev. 2021)