UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC., <br>     Plaintiff(s), <br> v. <br> BUA GROUP, LLC, <br>     Defendant(s). | Case No. 2:24-cv-01130-JCM-NJK <br><br> **Order** <br><br> [Docket No. 152] |

Pending before the Court is a joint motion regarding sealing and redaction. Docket No. 152. For the reasons discussed below, the joint motion is **GRANTED** in part.[1]

**I. STANDARDS**

This joint motion addresses several different filings. For material submitted in conjunction with non-dispositive matters, a particularized showing of good cause must be made to warrant secrecy. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Such a burden is met by the presentation of evidence, such as a declaration from someone with personal knowledge, rather than by the argument of counsel in motion practice." *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). For material submitted in conjunction with dispositive matters, compelling reasons must be shown to warrant secrecy. *Kamakana*, 447 F.3d at 1178. The fact that the parties agree to secrecy does not alter the need to make the required showing. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

---

[1] The joint motion addresses in part the pending motion to seal at Docket No. 151. *See* Docket No. 152 at 9. The court addresses that motion separately in an order issued concurrently herewith.

1

## II.    STIPULATIONS TO UNSEAL

As a starting point, the parties stipulate to unsealing the following: Docket No. 88-17 (Exhibit Q); Docket No. 85 (motion); Docket No. 90 (reply brief); Docket No. 97-2 (Exhibit B); Docket No. 97-6 (Exhibit F); Docket No. 93 (opposition brief); Docket No. 95 (countermotion); Docket No. 100 (motion); Docket No. 100-1 (Exhibit A); Docket No. 103 (opposition brief); Docket No. 106 (opposition brief); Docket No. 106-1 (Exhibit A); Docket No. 106-2 (Exhibit B); Docket No. 110 (opposition brief); Docket No. 130 (reply brief); Docket No. 132-2 (Exhibit T); Docket No. 132-3 (Exhibit U); Docket No. 132-4 (Exhibit V); Docket No. 136 (opposition brief); Docket No. 136-1 (Exhibit 1); Docket No. 144 (Exhibit 1). Given the presumption of public access, *Kamakana*, 447 F.3d at 1178, and the agreement of all parties that secrecy is not warranted, all of these filings will be unsealed.

## III.    REMAINING REQUESTS FOR SECRECY

Plaintiffs seek to redact lines of deposition testimony that they contend addresses the form in which a trade secret is memorialized, as well as the physical location for that memorialization. Docket No. 152 at 2-3 (seeking redaction of Docket No. 90-3 (Exhibit K)). Plaintiffs also seek to redact lines of deposition testimony that they contend addresses information within TChutima's tax returns. Docket No. 152 at 3-6 (seeking redaction of Docket No. 100-2 (Exhibit B)). Defendant seeks to redact lines of deposition testimony that it contends addresses irrelevant medical information and confidential business plans. Docket No. 118 at 6-8 (seeking redaction of Docket No. 114 (Exhibit 1)).

Despite prior orders of the Court, these redaction requests are inexplicably unsupported.[2] As the parties have already been told, even the lower good cause standard requires an <u>evidentiary showing</u>; attorney argument in briefing is not enough. Docket No. 116 at 1 (*Henderson*, 2023 WL 4288830, at *1). Moreover, the arguments and case law presented are often not specific to the

---

[2] As to the request to redact a home address, the Court notes that such redaction must be made as a matter of course without the need to seek judicial approval. Local Rule IC 6-1(a)(5).

2

information at issue.[3] In light of the fact that the Court is denying without prejudice the underlying motion practice and as a <u>one-time courtesy</u> to the parties, the Court will allow conditional redaction of these specific exhibits. In the event this information is filed in the future, however, a proper factual and legal showing must be made to support secrecy.

## IV. CONCLUSION

For the reasons discussed above, the joint motion regarding sealing and redaction is **GRANTED** in part. The Clerk's Office is **INSTRUCTED** to unseal the following: Docket No. 88-17 (Exhibit Q); Docket No. 85 (motion); Docket No. 90 (reply brief); Docket No. 97-2 (Exhibit B); Docket No. 97-6 (Exhibit F); Docket No. 93 (opposition brief); Docket No. 95 (countermotion); Docket No. 100 (motion); Docket No. 100-1 (Exhibit A); Docket No. 103 (opposition brief); Docket No. 106 (opposition brief); Docket No. 106-1 (Exhibit A); Docket No. 106-2 (Exhibit B); Docket No. 110 (opposition brief); Docket No. 130 (reply brief); Docket No. 132-2 (Exhibit T); Docket No. 132-3 (Exhibit U); Docket No. 132-4 (Exhibit V); Docket No. 136 (opposition brief); Docket No. 136-1 (Exhibit 1); Docket No. 144 (Exhibit 1).

In addition, the parties are **ORDERED** to file a notice on the public docket attaching redacted versions of Docket No. 90-3 (Exhibit K), Docket No. 100-2 (Exhibit B), and Docket No. 114 (Exhibit 1). This notice must be filed by April 22, 2025.

IT IS SO ORDERED.

Dated: April 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] For example, Plaintiffs seek to redact the manner of memorialization and location of trade secrets, but the case law cited addresses the need for secrecy of trade secrets themselves and there is some contrary authority. *See Teradata Corp. v. SAP SE*, 2019 WL 12275922, at *1-2 (N.D. Cal. Jan. 16, 2019) (while allowing secrecy for trade secret itself, rejecting request for secrecy with respect to the measures taken to ensure secrecy).