UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC.,<br>    Plaintiff(s),<br>v.<br>BUA GROUP, LLC,<br>    Defendant(s). | Case No. 2:24-cv-01130-JCM-NJK<br>**Order**<br>[Docket No. 84] |

Pending before the Court is Intervenor Penny Chutima's motion for sealing and redaction. Docket No. 84. No opposition was filed.

This motion addresses different filings. For material submitted in conjunction with non-dispositive matters, a particularized showing of good cause must be made to warrant secrecy. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Such a burden is met by the presentation of evidence, such as a declaration from someone with personal knowledge, rather than by the argument of counsel in motion practice." *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). For material submitted in conjunction with dispositive matters, compelling reasons must be shown to warrant secrecy. *Kamakana*, 447 F.3d at 1178.[1] The fact that there is no party opposition to secrecy does not alter the need to make the required showing. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

As the case law and procedures on secrecy have been settled for decades, seeking sealing or redaction should be a pretty straightforward endeavor. Unfortunately, the instant motion is

---

[1] For material that is submitted with respect to separate dispositive and non-dispositive matters, the compelling reasons standard would govern. *See Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test").

1

rambling, difficult to follow, and largely off-point.[2]  The Court struggles to find meaningful and clear argument as to how each of the documents for which sealing is sought (or each part of the documents for which redaction is sought) are properly kept secret in light of the controlling federal standards.  In addition and significantly, arguments as to harm in public disclosure of judicial filings must be supported by an evidentiary showing, presumably a declaration based on personal knowledge.  *E.g.*, *Henderson*, 2023 WL 4288830, at *1.  The Court has not located any such evidentiary showing.[3]  The motion appears to be supported only by argument of counsel and representations regarding the underlying LLC dispute.

In light of the above, the Court **DEFERS** ruling on the instant motion to seal and for redaction.  Penny Chutima must file a supplement that provides straightforward and meaningful discussion of the issues, tailored to the governing federal standards.  Penny Chutima must also file evidentiary support (presumably in the form of a declaration) attesting to the harm that would result from public disclosure.  This supplement must be filed by April 22, 2025.

IT IS SO ORDERED.

Dated: April 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The motion spends several pages addressing a Ninth Circuit case regarding the constitutionality of the sealing rules used in Hawaii state court. Docket No. 84 at 5-7 (discussing *Civil Beat Law Cntr. for Public Interest, Inc. v. Maile*, 113 F.4th 1168 (9th Cir. 2024)). As a starting point, the decision discussed in the motion was amended and superseded, so the motion is analyzing a decision that is no longer operative. *See Civil Beat Law Cntr. for Public Interest, Inc. v. Maile*, 117 F.4th 1200 (9th Cir. 2024). At any rate, the question currently before this Court is whether documents filed <u>in this proceeding in this courthouse</u> warrant secrecy. The Court has not been asked to determine the constitutionality of state court rules applied by a state court judge regarding this material when it was filed in state court. Moreover, the motion fails to explain why that issue would be relevant to whether good cause and compelling reasons exist for secrecy of this material now that it is filed in this federal court.

[3] The docket is messy and the manner of filing has been haphazard at times. If such a declaration was filed, the Court did not locate it.