UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TCHUTIMA, INC., et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>BUA GROUP, LLC,<br><br>    Defendant(s). | Case No. 2:24-cv-01130-JAD-NJK<br><br>**Order**<br><br>[Docket No. 200] |

Pending before the Court is Intervenor Pennapa ("Penny") Chutima's motion to disqualify counsel for Defendant Bua Group, LLC. Docket No. 200. Bua Group filed a response. Docket No. 207. Penny filed a reply. Docket No. 213. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** Penny's motion to disqualify counsel.[1]

**I.   BACKGROUND**

This case arises from a commercial dispute between Plaintiff TChutima, Inc., Plaintiff Chef Saipin Chutima ("Chef Chutima"), and Defendant Bua Group. Docket No. 170. Plaintiffs own the local restaurant brand, Lotus of Siam. *See id.* at ¶ 13. The parties entered into a Trademark License Agreement in 2021, providing Bua Group the right to open a new restaurant under the Lotus of Siam name. *Id.* at ¶ 40. Bua Group thereafter opened a Lotus of Siam location inside Red Rock Casino ("Lotus Redrock"). The parties' dispute centers primarily on the management and operation of Lotus Redrock. Plaintiffs allege that Bua Group violated the license agreement by making unauthorized changes to the Lotus Redrock restaurant operations and exceeding the scope of the trademark license. *See id.* at ¶¶ 60-62. On May 7, 2024, Plaintiffs issued Bua Group

---

[1] Declining to disqualify counsel is a non-dispositive matter within a magistrate judge's authority. *PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2023 WL 349499, at *1 n.1 (D. Nev. Jan. 20, 2023).

1

a 30-day Notice of Default and Demand for Cure. *See id.* at ¶¶ 89-90. Plaintiffs filed this lawsuit six weeks later. *See* Docket No. 1.

Apart from the claims in the operative complaint, the case is complicated by an intracompany dispute within Bua Group and the ongoing state court action to resolve it. *See Bua Group, LLC v. Chutima*, No. A-24-889819-B (Eighth Jud. Dist. Ct). Plaintiffs allege that Bua Group is jointly owned by Penny (daughter of Chef Chutima) and Louis ("Lou") Abin as 50/50 members. *See* Docket No. 170 at ¶ 39. Plaintiffs cast Lou as a "Chutima-family-outsider." *Id.* at ¶ 60.[2] Bua Group's operating agreement requires management responsibilities to be shared equally between Penny and Lou, *id.* at ¶ 39, but Penny and Lou have devolved from friends to foes such that Bua Group is deadlocked.

On January 10, 2025, Penny moved "to intervene under Fed. R. Civ. P. 24 for the limited purpose of substituting Lou in for Bua Group into these proceedings as . . . a derivative defendant." Docket No. 72 at 2. On February 24, 2025, the Court granted the motion to intervene for the purpose of seeking substitution, but found that the request for substitution was improperly included within the motion to intervene and that substitution needed to be sought within a separate motion. Docket No. 160 at 8-11; *accord* Local Rule IC 2-2(b).

Penny has not filed a motion to substitute. On April 30, 2025, Penny filed a motion to disqualify counsel for Bua Group in this case. Docket No. 200. That is the matter currently before the Court.

II.    **STANDARDS**

Nevada courts recognize "the importance of allowing parties to be represented by the counsel of their choice." *Imperial Credit v. Eighth Jud. Dist. Ct.*, 331 P.3d 862, 865 (Nev. 2014).[3]

---

[2] While not named as a party, Chef Chutima's husband (Suchay Chutima) jointly operates Plaintiff TChutima, Inc. *See id.* at ¶¶ 9-10. Hence, there are three Chutima family members involved in the case.

[3] Federal courts apply state law to decide whether to disqualify a lawyer. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). To the extent the Nevada Supreme Court has not addressed a particular issue pertinent to the pending motion, the Court must predict how it would rule using as guides intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements. *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009).

Nevada courts also recognize the corollary that motions to disqualify counsel may be misused as instruments of delay, harassment, and improper tactical maneuvering. *See Nevada Yellow Cab Corp. v. Eighth Jud. Dist. Ct.*, 152 P.3d 737, 743 (Nev. 2007) (quoting *Brown v. Eighth Jud. Dist. Ct.*, 14 P.3d 1266, 1270 (Nev. 2000)); *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted). Motions to disqualify counsel are generally disfavored. *E.g.*, *Russell Rd. Food & Beverage, LLC v. Galam*, No. 2:13-cv-00776-JCM-NJK, 2014 WL 3845424, at *1 (D. Nev. July 31, 2014).

"Disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289-90 (D. Nev. 2011). Courts must "disqualify counsel with considerable reluctance and only when no other practical alternative exists." *Millen v. Eighth Jud. Dist. Ct.*, 148 P.3d 694, 701-02 (Nev. 2006) (quoting *Lemm v. Adams*, 955 S.W.2d 70, 74 (Tenn. App. 1997)); *see also Flynn v. Love*, No. 3:19-cv-00239-MMD-CLB, 2020 WL 8373399, at *3 (D. Nev. July 31, 2020) (quoting *Kabins Fam. Ltd. P'ship v. Chain Consortium*, No. 2:09-cv-01125-GMN-RJJ, 2011 WL 1299986, at *1 (D. Nev. Mar. 31, 2011)). Stated differently, disqualification should not be ordered when less drastic remedies exist. *See, e.g.*, *Hernandez*, 796 F. Supp. 2d at 1289-90. Moreover, "courts have wide discretion in their [disqualification] rulings to further the interests of fairness to all parties." *United States v. Walker River Irr. Dist.*, No. 3:73-cv-00127-ECF-RAM, 2006 WL 618823, at *3 (D. Nev. Mar. 10, 2006); *see also Gas-A-Tron of Ariz. v. Union Oil Co. of Cal.*, 534 F.2d 1322, 1325 (9th Cir. 1976).

"The party seeking disqualification bears the burden of proof." *Lindstrom v. Nev. State Militia (Nev. Nat'l Guard)*, No. 3:24-cv-001520-ART-CDS, 2024 WL 5047489, at *1 (D. Nev. Aug. 27, 2024); *see also Colyer v. Smith*, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999).

**III.   ANALYSIS**

Penny argues that Pisanelli Bice must be disqualified as counsel for Bua Group in this case in accordance with a state court decision disqualifying Pisanelli Bice in the related state court

action. *See, e.g.*, Docket No. 200 at 7-11. Bua Group argues that disqualification is not warranted. Bua Group points out that Penny intervened in this case for the specific and sole purpose of seeking substitution of Lou as a derivative defendant. *See* Docket No. 207 at 4-5. Bua Group also represents that Lou stipulated to that substitution. *See id.* at 6; *see also* Docket No. 208-12. Hence, Bua Group argues that there is no legitimate need for disqualification of counsel and that Penny is, instead, using the instant motion as a means to gain a tactical advantage. *See id.* at 14-15.[4] Penny responds in reply that the substitution is no longer "[n]eeded or [v]iable." Docket No. 213 at 11-12. The Court agrees with Bua Group that Penny has not met her burden of showing that disqualification is warranted.

As explained above, disqualification should be ordered only "when absolutely necessary," *Hernandez*, 796 F. Supp. 2d at 1290, and only when "no other practical alternative exists," *Millen*, 148 P.3d at 702. Penny argues that Pisanelli Bice must be disqualified from representing Bua Group in light of the deadlocked LLC issues being litigated in state court, but Penny has not shown that disqualification of counsel is the only practical alternative to address her concerns. Penny was permitted to intervene months ago "for the limited purpose of substituting Lou Abin as a defendant in the derivative capacity." Docket No. 160 at 8.[5] Penny was instructed repeatedly in that same order to file a motion to substitute, Docket No. 160 at 8 ("Penny is entitled to intervene as a matter of right but must file a separate motion to substitute parties"); *see also id.* at 1 ("The applicant must file a separate motion in order to make substitutions in parties"); *id.* at 11 ("Though the court finds Penny is entitled to intervene as a matter of right, she must still file a separate motion in order

---

[4] There is a unique family dynamic at play in this case as Penny is both half-owner of Defendant Bua Group and also the daughter of Plaintiff Chef Chutima. Lou's overarching accusation is that "Penny's real interests appear to be coordinating with Plaintiffs and assisting them in undermining Bua Group's ability to defend its rights." Docket No. 207 at 10; *see also id.* at 3 n.1.

[5] Bua Group's opposition addresses the legal standards that disqualification be ordered only "when absolutely necessary" and only when "no other [practical] alternative exists." Docket No. 207 at 7. Bua Group frames the issues discussed herein as evidence of bad-faith tactical maneuvering. *See, e.g., id.* at 14-15. While Bua Group's accusation of gamesmanship has some force, the Court finds disqualification unwarranted on the ground that Penny has not shown that disqualification is absolutely necessary or that no other practical alternative exists. Accordingly, the Court declines to decide whether disqualification was sought as bad-faith gamesmanship.

4

to make substitutions in parties"); *id.* ("A separate motion must be filed in order to make substitutions in parties"), but Penny has inexplicably never filed a motion to substitute. Moreover, Penny seeks disqualification of Pisanelli Bice as counsel <u>for Bua Group</u>, but Penny provides no indication that Pisanelli Bice could not remain as counsel <u>for Lou</u> as a derivative defendant of Bua Group. The Court has been given no reason to believe that disqualification as counsel for Bua Group would remain a live issue in the event that Lou is substituted into the case as a derivative defendant.[6] For reasons that remain unexplained, it appears that Penny would simply prefer to bypass the substitution option and jump ahead to the more drastic remedy of disqualification.[7]

In reply, Penny raises a grocery list of reasons why a motion to substitute should be skipped over for the drastic remedy of disqualification. Docket No. 213 at 11-12. None of the conclusory reasons withstands scrutiny.[8] First, Penny contends that the intervention order somehow pooh-poohed substitution because the Court noted a lack of authority presented to support that relief. Docket No. 213 at 11. This contention is frivolous. The earlier substitution request was denied because Penny sought that relief in the same filing as the request for intervention. *See* Docket No.

---

[6] While Penny relies heavily on the orders in the state court action, the state court appears to approve of Pisanelli Bice continuing to represent Lou and his business interests. *See* Docket No. 208-9 at 3.

[7] There is a related problem that the papers do not address in direct fashion. Penny recognizes in reply that she "<u>initially</u> intervened in this case for the limited purpose of substituting Lou in for Bua Group as a defendant." Docket No. 213 at 11 (emphasis added). Penny does not appear to recognize that this "initial[]" intervention for the purpose of seeking substitution is also the <u>only</u> intervention that has ever been authorized by the Court. While Penny has apparently changed her legal strategy, she does not explain why she is permitted in her role as intervenor to do anything in this case other than seek substitution. *See Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 619-20 (9th Cir. 2020) (affirming denial of relief sought by intervenor beyond the scope of limited permissive intervention); *see also United States v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838, 844 (N.D. Cal. 2016) (addressing limited intervention as of right); Fed. R. Civ. P. 24, Advisory Committee Notes (1966) ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings"). Because Penny's motion to disqualify fails at any rate, the Court need not venture down this rabbit hole.

[8] None of the arguments is presented in a fulsome manner, each consisting of a sentence or two. *See* Docket No. 213 at 11-12; *but see Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Moreover, Penny raised these assertions in reply (presumably in response to Bua Group's opposition papers), so the Court resolves them without input from Bua Group.

5

160 at 10-11.[9] Penny fails to explain in persuasive fashion how it is that the Court was expressing an opinion that substitution could never happen, while simultaneously instructing Penny (four times) to file a motion to substitute.[10]

Second, Penny contends that Lou himself has not moved for substitution, so such relief now appears "tenuous at best." Docket No. 213 at 11. Third, Penny contends that Plaintiffs "felt more comfortable" without substitution. *Id.* Fourth, Penny contends that she did not agree with some of the fine print of Lou's proposed stipulation to substitute in that it did not sufficiently ensure company funds would not be spent. *Id.* at 12. Each of these reasons is essentially that there may be some disagreement among the parties as to substitution (in whole or in part). Party disagreement with a proposed course of action is grounds <u>to file a motion</u>, not a basis to sit on one's hands. Disagreement to substitution would be subject to the filing of a response to the motion. *See* Local Rule 7-2(b). Whether all parties agree to substitution (or to specific facets of substitution) does not prevent Penny from moving for substitution.

Fifth and lastly, Penny indicates that the state court disqualification order "obviated the need to substitute Lou into this case." Docket No. 213 at 11-12. As explained by the Nevada Supreme Court, disqualification is a last resort that should be permitted "only when no other

---

[9] Although not cited explicitly, that ruling tracks the local-rule prohibition of this sort of combination. *See* Local Rule IC 2-2(b). As explained by United States District Judge James C. Mahan, this is an important rule that advances important goals. *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00256-JCM-NJK, 2017 U.S. Dist. Lexis 132101, at *1 (D. Nev. Aug. 18, 2017) ("This rule is not an exercise of pure formality" and explaining that the rule helps promote the clear presentation of distinct standards and arguments); *see also, e.g.*, *Underwood v. O'Reilly Auto. Enterps., LLC*, No. 2:21-cv-01766-GMN-NJK, 2022 WL 1184883, at *2 (D. Nev. Apr. 20, 2022).

Penny ventures into the absurd in representing that the prior substitution request was denied because "the Court stated that it was not aware of any authority that permitted Penny to substitute Lou in for Bua Group as a defendant." Docket No. 213 at 11. While not using quotations, Penny's counsel has engaged in the equivalent of substituting ellipses for the critical words of the Court. The order actually says: "But the court is not aware of any authority that permits this action <u>on a motion to intervene</u>, nor does Penny's motion provide the court with any precedent for such action." Docket No. 160 at 11 (emphasis added).

[10] A judicial instruction to file a motion is not an expression of an opinion as to how that motion will be resolved once it is filed; the instruction simply means that the party needs to present the issue in dispute in proper fashion. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5324787, at *3 n.7 (D. Nev. Sept. 20, 2013) (citing *Mkhitaryan v. U.S. Bank, N.A.*, No. 2:11-cv-01055-JCM-CWH, 2013 WL 211091, at *2 (D. Nev. Jan. 18, 2013)).

practical alternative exists." *Millen*, 148 P.3d at 702.  Penny has not shown that disqualification of counsel would be warranted if Lou were substituted into this action as a derivative defendant.  Hence, even if disqualification might be warranted as a general matter based on the circumstances presented, Penny has skipped over the "other practical alternative" of filing a motion to substitute.

In short, Penny fails to show that her concerns cannot be addressed through less drastic remedies, namely filing a motion to substitute Lou as a derivative defendant.  As a result, the Court is not persuaded that disqualification is warranted at this juncture.  *Millen*, 148 P.3d at 702.

**IV.  CONCLUSION**

For the reasons discussed above, the Court **DENIES** Penny's motion to disqualify counsel.  Any motion to substitute must be filed by June 23, 2025.  If everyone agrees, a stipulation to substitute may be filed, by June 23, 2025, in lieu of a motion.

IT IS SO ORDERED.

Dated: June 11, 2025

_____
Nancy J. Koppe
United States Magistrate Judge