# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TCHUTIMA, INC., et al.,

    Plaintiff(s),

v.

BUA GROUP, LLC,

    Defendant(s).

Case No. 2:24-cv-01130-JAD-NJK

**Order**

[Docket Nos. 84, 127, 197]

Pending before the Court are two motions to seal filed by Intervenor Pennapa ("Penny") Chutima. Docket Nos. 84, 127. Because of deficiencies with those motions, the Court ordered Penny to file a supplement. Docket Nos. 183, 184. Penny filed a supplement. Docket No. 189. In light of continued deficiencies, the Court issued an order to show cause why all of the subject material should not be unsealed. Docket No. 197. Penny and Defendant Bua Group filed responses. Docket Nos. 201, 202. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

## I.    STANDARD

For material submitted in conjunction with non-dispositive matters, a particularized showing of good cause must be made to warrant secrecy. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).[1] "Such a burden is met by the presentation of evidence, such as a declaration from someone with personal knowledge, rather than by the argument of counsel

---

[1] In the pending order to show cause, the Court explained that controlling Ninth Circuit law mandates that determination of the applicable sealing standard does not turn on whether the underlying motion is technically dispositive of a claim or defense, but rather on whether the underlying motion is more than tangentially related to the merits of the case. *See* Docket No. 197 at 1 (discussing *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016)). In responding to the order to show cause, Penny inexplicably contends that the good cause standard applies because the underlying motion practice does not dispose of a claim or defense. Docket No. 201 at 2. Hence, Penny responded to an order to show cause with a contention that is directly contradicted by the controlling Ninth Circuit authority discussed in the order to show cause. Penny's attorneys are urged to read *Center for Auto Safety*. Notwithstanding this failing in Penny's briefing, the Court agrees with Defendant that the good cause standard applies.

1

in motion practice." *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that the parties agree to secrecy does not alter the need to make the required showing. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

**II.     ANALYSIS**

**A.     Withdrawn Requests**

Penny withdraws her request to seal Docket No. 73 (motion to intervene), Docket No. 75 (response to motion to compel), Docket No. 77 (motion to quash), and Docket No. 125 (reply to motion to intervene). *See* Docket No. 201 at 3-4. Penny also consents to the unsealing of six exhibits: Docket No. 79-5, Docket No. 79-6, Docket No. 79-7, Docket No. 79-8, Docket No. 79-10, and Docket No. 79-12. *See* Docket No. 201 at 5. As such, these documents will be ordered unsealed.

**B.     Financial Records**

Penny and Defendant seek sealing of financial records filed at Docket No. 123-2 (Exhibit 36) and Docket No. 123-3 (Exhibit 37). Declarations attest that revelation of this information would cause competitive harm. *See, e.g.*, Docket No. 202-1 at ¶¶ 3-6. For good cause shown, these documents will remain sealed.

**C.     Operating Agreements**

Penny and Defendant consent to the partial public revelation of their operating agreements at Docket No. 79-2 and Docket No. 79-3, but they agree to redaction of certain information therein based on its proprietary and confidential nature, *see* Docket No. 201 at 6-11 (providing basis for sealing each section). With respect to the stipulated information, declarations attest that revelation of this information would cause competitive harm. *See, e.g.*, Docket No. 202-1 at ¶ 7. For good cause shown, these redactions will be allowed.

For four of the specific sections within these exhibits, Penny and Defendant disagree as to whether redaction is warranted. *See* Docket No. 201 at 11 (addressing Sections 5.02, 5.04, and 5.20 of the Bua Redrock agreement, and Section 7.6(c) of the Bua Group agreement). Penny argues that these are general provisions that do not reveal any proprietary information. *See id.*

With respect to the Bua Redrock provisions in dispute, Penny also notes that Defendant has not sought secrecy for the corresponding information within the Bua Group agreement. *See id.* Defendant has not made any particularized showing of good cause for these four provisions. *See* Docket No. 202 at 4. Moreover, the Court fails to discern any need for secrecy based on its review of these provisions. Redaction will not be permitted as to these four sections of the exhibits.

Consistent with the above, these documents will remain sealed. Penny must file a notice on the public docket attaching redacted versions of these documents consistent with the above rulings.

### D. State Court Documents

Penny filed two state court documents under seal (Docket Nos. 81-1 and 81-3) on the basis that they reveal information from the operating agreements discussed above. *See* Docket No. 201 at 5-6. Penny no longer seeks sealing, asking instead to file redacted versions of these exhibits in accordance with the findings above. The Court agrees that the unredacted version of these documents will remain under seal. Penny must file a notice on the public docket attaching redacted versions of these documents consistent with the above rulings.

## III. CONCLUSION

For the reasons discussed above, the motions to seal (Docket Nos. 84, 127) are **GRANTED** in part and **DENIED** in part.

The Clerk's Office is **INSTRUCTED** to **UNSEAL** the following documents: Docket No. 73, Docket No. 75, Docket No. 77, Docket No. 79-5, Docket No. 79-6, Docket No. 79-7, Docket No. 79-8, Docket No. 79-10, Docket No. 79-12, and Docket No. 125.

The Clerk's Office is otherwise **INSTRUCTED** to continue maintaining the subject information under seal. Consistent with the findings in Section II.C and II.D, Penny must file a notice on the public docket attaching redacted versions of the subject documents by June 30, 2025.

IT IS SO ORDERED.

Dated: June 16, 2025

_____
Nancy J. Koppe
United States Magistrate Judge