**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TChutima, Inc. dba Lotus of Siam, et al.,

Plaintiffs

v.

Bua Group, LLC,

Defendant

Case No.: 2:24-cv-01130-JAD-NJK

**Order Granting Motion for Substitution, Denying All Other Motions as Moot, and Setting a Deadline for Dispositive Motions**

[ECF Nos. 236, 239, 248, 252, 255, 258, 259]

TChutima dba Lotus of Siam sues Bua Group, LLC for its allegedly unauthorized use of the Lotus of Siam trademark and breach of the parties' trademark-license agreement. But that battle has been temporarily subsumed by a dispute between the two equal members of Bua Group: Lou Abin and Pennapa (Penny) Chutima. Lou and Penny are engaged in contentious state-court litigation over their ownership rights and interests in Bua Group. The state-court judge appointed a receiver to represent Bua Group's interest and break any ties between Penny and Lou related to the management of the LLC. And he disqualified law firm Pisanelli Bice PLLC from representing Bua Group "in any capacity" because Lou retained the firm over Penny's objection.

Yet, Pisanelli Bice continues to represent Bua Group in this litigation. Penny has intervened in this case for the primary purpose of substituting Lou as a derivative defendant to represent Bua Group, contending that a deadlocked LLC lacks the capacity to defend itself and accusing Lou and Pisanelli Bice of improperly attacking her in Bua Group's name. She alternatively seeks Pisanelli Bice's disqualification from representing Bua Group in this federal fight, contending that Bua Group did not authorize the firm to represent it—only Lou did. She

requests that the receiver appointed in the state-court action retain new counsel to represent Bua Group's interest. She also moves to supplement her disqualification objection with three affidavits from Lou's ex-fiancé, a former assistant, and a chef at Lotus of Siam's Red Rock Casino location (the restaurant at the center of the parties' trademark dispute) attesting to Lou's alleged intentions to cut Penny out of the business they share. Bua Group countermoves to file a sur-reply to that supplement, and seeks to seal some documents supporting its response to Penny's disqualification motion.

Because the parties largely agree that Lou's substitution as a derivative defendant for Bua Group is the proper course of action under these messy circumstances, and because the Federal Rules of Civil Procedure and applicable state law support that solution, I grant Penny's substitution motion, with conditions that the parties appear to agree on. I thus overrule Penny's objection to the magistrate judge's order denying Pisanelli Bice's disqualification from representing Bua Group because the LLC is no longer the active defendant in this case. I relatedly deny as moot Penny's motion to supplement related to the disqualification issue. I further deny as moot Bua Group's motions to seal documents filed in relation to the disqualification issue and direct the Clerk of Court to strike those documents because they are not relevant to any issues before this court.

In a previous order, I paused various aspects of this case while the question of Bua Group's representation went unresolved. One of those aspects concerned litigation over Bua Group's compliance with the preliminary injunction that U.S. District Judge James C. Mahan issued in October 2024. But three days ago, the Ninth Circuit reversed that injunction order and

remanded for further findings.[1] So instead of reviving the briefing on the parties' motions to enforce or dissolve the injunction, I am setting a status hearing for 2:30 p.m. on Monday, November 17, 2025, to discuss a path forward in light of the Ninth Circuit's ruling.

My prior order also stayed the parties' deadline to file dispositive motions. I now lift that stay and set a new deadline: the parties must file any dispositive motions by Monday, December 22, 2025. Finally, I address Penny's intervention in this case. Penny intervened for the "limited purpose of substituting Lou in for Bua Group . . . ."[2] Because that purpose has been accomplished, I terminate Penny from this action.

## Discussion[3]

### A. Lou Abin is substituted as a derivative defendant for Bua Group, subject to conditions.

Federal Rule of Civil Procedure 17(b)(2) states that a corporation's capacity to be sued is determined "by the law under which it was organized."[4] Bua Group is incorporated in Delaware, so Delaware law applies to determine whether it is capable of being sued. Both parties agree that, under Delaware law, "a deadlocked LLC is unable to act and thus lacks capacity to defend itself."[5] Delaware courts have granted intervention in precisely these circumstances, and the

---

[1] *TChutima, Inc. v. Bua Group, LLC*, 2025 WL 2911140, Case No. 24-6745 (9th Cir. Oct. 14, 2025).

[2] ECF No. 72 at 2.

[3] The parties are very aware of the factual underpinnings of this dispute, so I don't recite them here.

[4] Fed. R. Civ. P. 17(b)(1).

[5] ECF No. 244 at 6 (citing *Maitland v. Int'l Registries, LLC*, 2008 WL 2440521, at *2 (Del. Ch. June 6, 2008); ECF No. 236 at 4–5 (arguing that "a deadlocked company cannot validly retain counsel and file an answer" (citing *In re Aerojet Rocketdyne Holdings, Inc.*, 2022 WL 2180240, at * 15 n.162 (Del. Ch. June 16, 2022))).

parties agree that the same reasoning applies to allow substitution in lieu of intervention.[6] The Ninth Circuit has also confirmed the district court's procedural power "to substitute parties" if "a corporate dissolution or some other act affecting the capacity to sue has occurred during the pendency of the action."[7]

I conclude that Delaware law and the Federal Rules of Civil Procedure support substitution here. The state district court issued an order finding that Bua Group and its subsidiary Bua Redrock, LLC were deadlocked, and it appointed a receiver to break management ties while litigation was ongoing.[8] But the receiver has indicated that he doesn't have authority to make decisions in this federal action,[9] so it appears that there is no method for Bua Group to stay in this action while representing the interests of both Penny and Lou. Under these circumstances, Bua Group lacks the capacity to defend itself.

While the parties largely agree to substitution to solve this problem, they quibble over any conditions that should be placed on Lou's ability to use Bua Group or Bua Redrock funds to pay for that defense. Penny contends that allowing Lou to use those funds would defeat the purpose of substitution and run afoul of the state court's orders prohibiting unilateral action by Bua Group's members. She also avers that Lou wouldn't agree to refrain from using those funds

---

[6] ECF No. 244 at 6; ECF No. 236 at 4–5.

[7] *U.S. for Use of Acme Granite & Tile Co. v. F.D. Rich Co.*, 437 F.2d 549, 552 (9th Cir. 1970) (citations omitted).

[8] Lou mentions in a footnote that he doesn't think Bua Group is really deadlocked because the state court hasn't addressed his arguments concerning Penny's alleged conflicts of interest. ECF No. 245 at 6 n.13. But the state court issued a signed order finding that the parties were deadlocked. *See* ECF No. 200-2 at 5 (referring to Penny and Lou as "irretrievably deadlocked"). I have no reason to doubt that finding at this time, as Penny and Lou agree that substitution is the proper method forward under these circumstances.

[9] *See* ECF No. 247-1 at 3 (letter from receiver explaining that the state-court receivership order "does not provide any authority to the [r]eceiver" in this federal action).

when they were initially working toward a stipulation on this issue. Lou retorts that he merely seeks to reserve his rights to seek indemnification or reimbursement from company funds "as allowed by the law." Both of these things can hold true at the same time, so the "disagreement" here is really not one at all. Rather, Lou and Penny agree that Lou cannot use funds from the Bua companies "for the defense of this case while it is pending" and that, "[b]y agreeing to substitution, Penny and Lou do not limit any right to seek indemnification or reimbursement of attorney fees after the conclusion of litigation as allowed by law."[10] So those are the restrictions I place on Lou's substitution.[11]

Because substitution moots the question of whether Pisanelli Bice can continue representing Bua Group, I overrule Penny's objection to the magistrate judge's denial of her motion to disqualify.[12] I relatedly deny as moot Penny's motion to supplement her objection and Lou's countermotion to file a sur-reply.

---

[10] ECF No. 250 at 5; *see also* ECF No. 245 at 7 n.14.

[11] To the extent that Lou still contends that he can use funds from Bua Redrock—a subsidiary company that is not a defendant in this lawsuit—I recognize that the state court has already made a finding on this issue and concluded that Lou must use his own funds to litigate issues related to both Bua companies. *See* ECF No. 200-3 (state-court disqualification order). Lou implies that this court may not have authority to prevent the use of Bua Redrock's resources because "Bua Redrock is not a party to this action." ECF No. 247 at 10 n.17. But Lou is now a party to this action, and so this court has jurisdiction over his actions in this case.

[12] In that objection, Penny contends that substitution may not be an adequate alternative to disqualification solely because "Lou has confirmed [that] he will still use the Bua Companies' funds to pay for the defense over Penny's objection." ECF No. 239 at 10 (cleaned up). As explained *supra*, that simply isn't the case. So I see no reason to delve deeper into the merits of substitution vs. disqualification at this juncture.

**B. The court sets a new deadline for dispositive motions, terminates Penny as an intervenor, strikes the sealed documents no longer relevant to any active issues in this case, and sets a status hearing on the preliminary-injunction proceedings.**

Penny initially moved to intervene for the narrow purpose of seeking substitution.[13] The parties disagree on the precise scope of Penny's intervention: Bua Group contends that she was authorized to seek substitution only, while Penny contends that she was permitted to file any motion necessary to fulfill the "underlying litigation objective for intervening," which she characterizes as "ensuring that the defense side of this case is properly represented."[14] I need not wade into this conflict because that purpose has been fulfilled by granting her substitution motion. So I find that the purpose of Penny's intervention has been fully realized, and I terminate her from this case.[15]

I also denied without prejudice the parties' dueling motions to enforce or dissolve the preliminary injunction that was entered in October 2024, and I stayed any further briefing on that issue until Penny's disqualification and substitution motions were resolved.[16] But on October 14, 2025, the Ninth Circuit reversed the preliminary injunction order and remanded for further findings.[17] So instead of lifting the stay on the briefs related to enforcing or dissolving that injunction, I rather set a status hearing on November 17, 2025, to discuss a path forward following the Ninth Circuit's decision. But I do reset the dispositive-motions deadline that I

---

[13] *See* ECF No. 72 at 2.

[14] ECF No. 239 at 14.

[15] I express no opinion concerning whether Penny may have the right to intervene for any other purpose.

[16] ECF No. 241.

[17] *TChutima, Inc. v. Bua Group, LLC*, 2025 WL 2911140, Case No. 24-6745 (9th Cir. Oct. 14, 2025).

stayed pending determination of Bua Group's representation: the parties must file any dispositive motions by Monday, December 22, 2025.

Finally, I address Bua Group's motions to seal Penny's deposition transcript and some of her bank records. Both exhibits were filed in support of Bua Group's filings related to Penny's disqualification objection—an objection that I have now denied as moot. I find that those documents are not relevant to any of the active issues before this court and that it would be a waste of judicial economy to rule on those motions at this time, so I strike the sealed documents and deny as moot the motions to seal. If those or similar documents are filed in support of future motions, the parties must file another motion to seal addressing the Ninth Circuit standards for sealing judicial records.

**Conclusion**

IT IS THEREFORE ORDERED that Intervenor Pennapa Chutima's motion to substitute **[ECF No. 236] is GRANTED. Lou Abin is HEREBY SUBSTITUTED in as a derivative defendant for defendant Bua Group, LLC with the following agreed-upon conditions:**

- Lou Abin is prohibited from using Bua Group or Bua Redrock's funds for the defense of this case while it is pending,
- After substitution, Bua Group will be bound by the result of this litigation, and
- By agreeing to substitution, Pennapa Chutima and Lou Abin do not limit any right to seek indemnification or reimbursement of fees and costs associated with this action when this litigation concludes and as allowed by law.

IT IS FURTHER ORDERED that Intervenor Pennapa Chutima's objection to the magistrate judge's order denying her motion for disqualification of Pisanelli Bice as Bua Group's representation **[ECF No. 239] is OVERRULED as moot**.

IT IS FURTHER ORDERED that Intervenor Pennapa Chutima's motion for leave to supplement and Bua Group/Lou Abin's motion for leave to file a surreply **[ECF Nos. 252, 255, 258] are DENIED as moot.**

IT IS FURTHER ORDERED that Bua Group/Lou Abin's motions to seal **[ECF Nos. 248, 259] are DENIED as moot.** The Clerk of Court is directed to **STRIKE ECF Nos. 246, 254, 257, and 258**.

IT IS FURTHER ORDERED that because Pennapa Chutima's sole reason for intervening in this case has been resolved, I direct **the Clerk of Court to TERMINATE Pennapa Chutima as an intervenor in this case**.

IT IS FURTHER ORDERED that the parties' deadline to file dispositive motions is **Monday, December 22, 2025**.

IT IS FURTHER ORDERED that a **status hearing concerning preliminary-injunctive relief is set for Monday, November 17, 2025, at 2:30 p.m.** in Courtroom 6D of the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. S., Las Vegas, Nevada 89101. The hearing will be conducted in person.

U.S. District Judge Jennifer A. Dorsey
October 17, 2025