UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TChutima, Inc., et al., <br>     Plaintiff(s), <br> v. <br> Louis Abin, <br>     Defendant(s). | Case No. 2:24-cv-01130-JAD-NJK <br> **Order** <br> [Docket Nos. 274, 276] |

Pending before the Court is Defendant's motion to reopen discovery. Docket Nos. 274, 276 (previously sealed version). Plaintiffs filed a response in opposition. Docket No. 280. Defendant filed a reply. Docket No. 282. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion to reopen discovery.

**I.    BACKGROUND**

This case arises out of the allegedly unauthorized use of the Lotus of Siam trademark and breach of the parties' trademark-license agreement. The discovery process has been messy and the Court will provide herein only a brief recitation. During the discovery period, Defendant[1] noticed the deposition of Penny Chutima,[2] Docket No. 101-4, began the deposition Plaintiff Saipin Chutima, Docket No. 275-8, and sought Plaintiff TChutima Inc's Rule 30(b)(6) deposition, Docket No. 275-12. Despite seeking this discovery, it was not taken and/or completed before the discovery cutoff expired on May 8, 2025. *See* Docket No. 169 at 7. Discovery during this period was marred

---

[1] At the time, Defendant was "Bua Group." Defendant is now Lou Abin as a derivative defendant of Bua Group.

[2] Penny is the daughter of Plaintiff Saipin Chutima and co-owner of former Defendant Bua Group.

by litigation regarding former Defendant Bua Group's ownership, as well as related issues regarding party substitution and attorney disqualification, issues that frequently bled into discovery motion practice. *See, e.g.*, Docket No. 190. On October 17, 2025, United States District Judge Jennifer A. Dorsey substituted Lou as the derivative defendant for Bua Group and overruled the objections to the undersigned's disqualification order. Docket No. 263. On November 21, 2025, Defendant Lou filed the instant motion to reopen discovery. Docket Nos. 274, 276. That is the matter pending before the Court.

The dispositive motion deadline is set for March 27, 2026. Docket No. 283. No trial date has been set.

## II.     STANDARDS

A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. "The party seeking modification of the scheduling order bears the burden of establishing diligence." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021) (citing *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)).

When a request for relief from a case management deadline is made after that deadline has already expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact

2

on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.[3]

### III.  ANALYSIS

The Court begins with the diligence inquiry. All of the subject discovery was sought during the discovery period. Some of the discovery was continued by agreement and some of it was the subject of earlier motion practice that was denied without prejudice. *See, e.g.*, Docket No. 275-8 at 7 (deposition of Saipin Chutima); Docket No. 49 (motion to compel Penny to produce documents). While the late timing of the instant motion does at first blush raise concerns as to diligence, *see* Docket No. 280 at 9-10, the Court is cognizant that the subject time period was marred by incessant fighting over the ownership status of previous defendant Bua Group, as well as related issues regarding party substitution and attorney disqualification, issues that frequently bled into discovery motion practice. *See, e.g.*, Docket No. 190. Resolution of those issues was drawn out in part by Penny's procedural hiccups in attempting to raise the issues with the Court. *See, e.g.*, Docket No. 194 at 1 ("The Court continues to await the proper presentation of legal argument in this case, but still faces the spinning wheel of death as the matter fails to load"). The disqualification and substitution issues were addressed by Judge Dorsey on October 17, 2025. *See* Docket No. 263. The instant motion was filed a few weeks after issuance of Judge Dorsey's order. *See* Docket No. 274. Moreover and significantly, the dispositive motion deadline has not yet expired and Plaintiffs have not provided meaningfully developed argument that motions to compel the subject discovery would be untimely given the unique circumstances of the case. *Cf. Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (a motion to compel "should be filed before the scheduled date for dispositive motions"). In the unique circumstances of this case, the instant motion was brought with sufficient diligence.

---

[3] Although largely overlapping with the above considerations, the Ninth Circuit has at times stated somewhat differently the factors for consideration in deciding whether to reopen discovery, including "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d. 1060, 1066 (9th Cir. 2017).

The Court also finds that the remaining considerations militate in favor of reopening discovery. Trial has not been set. There is little risk of disrupting the proceedings. The Court anticipates that the subject discovery can be accomplished in a short timeframe. Additionally, the dispositive motion deadline has not yet expired and it appears the subject discovery will not require further extension of that deadline. The record does not reflect that the request is made in bad faith and it appears that the discovery will lead to relevant evidence. Although the instant request is opposed, the remaining considerations weigh on balance in favor of reopening discovery.

### IV. CONCLUSION

Accordingly, the Court the Court **GRANTS** the motion to reopen discovery for the limited purpose of taking (or completing) the identified depositions.[4] The Court **SETS** this limited discovery cutoff for February 25, 2026. The discovery cutoff remains set for March 27, 2026.

IT IS SO ORDERED.

Dated: January 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The motion also seeks reopening discovery with respect to the pending motion to compel. *See, e.g.*, Docket No. 276 at 2. The Court addresses that motion to compel in a separate order.