UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TChutima, Inc., et al.,<br>    Plaintiff(s),<br>v.<br>Louis Abin,<br>    Defendant(s). | Case No. 2:24-cv-01130-JAD-NJK<br>**Order**<br>[Docket No. 268] |

Pending before the Court is Defendant's motion to compel, seeking to compel both supplementation of the privilege log and production of documents. Docket No. 268. Plaintiffs filed a response in opposition. Docket No. 273. Defendant filed a reply. Docket No. 279. The Court **DEFERS** ruling on the motion to compel supplementation of the privilege log and **SETS** a hearing on that request for 2:00 p.m. on January 22, 2026, in Courtroom 3C. The Court **GRANTS** in part and **DENIES** in part the motion to compel production of documents.

**I.  BACKGROUND**

This case arises out of the allegedly unauthorized use of the Lotus of Siam trademark and breach of the parties' trademark-license agreement. The discovery process has been messy and the Court will provide herein only a brief recitation. Defendant served requests for production of documents on Plaintiffs. Docket No. 270-5, 270-6. Plaintiffs do not dispute that they have in their possession responsive documents of non-party Penny Chutima. *See* Docket No. 273.[1] Defendant filed the instant motion to compel production of those documents. Docket No. 268.

**II.  STANDARDS**

Discovery is meant to proceed "largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018); *see also* Fed. R. Civ. P. 29. Counsel must

---

[1] Penny is the daughter of Plaintiff Saipin Chutima.

1

strive to be cooperative, practical, and sensible, and must seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). When an amicable resolution to a discovery dispute cannot be attained, however, a party may move for issuance of an order compelling discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). The Court must limit otherwise proper discovery when it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The Court may also limit discovery when it imposes an undue burden or expense. Fed. R. Civ. P. 26(c)(1).[2] "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

### III. ANALYSIS

The instant dispute is fairly straightforward. Plaintiffs have collected from non-party Penny Chutima documents responsive to Defendant's discovery requests. Such documents are within Plaintiffs' possession and are generally subject to production. *See* Fed. R. Civ. P. 34(a)(1)(A); *see also, e.g.*, *PlayUp, Inc. v. Mintas*, 2024 WL 3621449, at *3 (D. Nev. Aug. 1, 2024) ("a finding of actual possession is alone sufficient to trigger an obligation to produce responsive documents").

In seeking to avoid further discovery efforts on this front, Plaintiffs represent that many of these documents were already produced to Defendant in state court litigation and Plaintiffs further agree to the use of the state court production in this case. Docket No. 273 at 11. The Court agrees with Plaintiffs that the circumstances do not warrant issuance of an order requiring them to re-produce documents already produced to Defendant in the state court action.

---

[2] In resolving a motion to compel, the Court may enter appropriate protective orders pursuant to Rule 26(c). *See* Fed. R. Civ. P. 37(a)(5)(B).

As the briefing from both sides illustrates, though, it appears that the state court production may not include the full universe of documents responsive to the requests propounded in this case. To address that issue, Plaintiffs propose that Defendant must identify categories of documents that may be deficient and that the parties then confer on additional search terms to address such potential deficiency. *See, e.g.*, Docket No. 270-4 at 2 (email from October 31, 2025). The Court agrees with Defendant that such an approach is backwards. *See* Docket No. 279 at 9. It is the obligation of the party responding to discovery to conduct a reasonable search of the material within its possession, custody, or control, and to then produce the responsive, non-privileged documents. *See, e.g.*, *Flynn v. Love*, 2021 WL 4891071, at *2 (D. Nev. Oct. 19, 2021). The burden is not on the party propounding discovery to identify specific documents for production. *E.g.*, *Pacific Steel Grp. v. CMC Steel Fabricators, Inc.*, 2025 WL 1095380, at *4 (S.D. Cal. Apr. 11, 2025).

In short, this aspect of the motion to compel will be granted in part and denied in part. Plaintiffs must conduct a reasonable search of the material within their possession, custody, or control (including those documents that originated with Penny Chutima). Plaintiffs must produce any further responsive, non-privileged documents that are located, except that Plaintiffs need not re-produce documents that were already produced in the state court litigation. This production must be made by February 4, 2026.

## IV.  CONCLUSION

As stated above, the Court **DEFERS** ruling on the motion to compel supplementation of the privilege log and **SETS** a hearing on that request for 2:00 p.m. on January 22, 2026, in Courtroom 3C. The Court **GRANTS** in part and **DENIES** in part the motion to compel production of documents.

IT IS SO ORDERED.

Dated: January 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge